UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA M.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C20-0918-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for a period of disability and disability insurance benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960,[1] has a high school education, and previously worked as, among other things, a salad maker, sales-service promoter, checker, and case aide. (AR 32-33.) Plaintiff applied for a period of disability and DIB on March 29, 2017. (AR 21.) That application

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On November 20, 2018 and May 20, 2019, ALJ Larry Kennedy held hearings, taking testimony from Plaintiff and a vocational expert. (AR 48-119.) On July 1, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-40.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since January 21, 2014, the alleged onset date. (AR 23.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease, fibromyalgia, migraine headaches, irritable bowel syndrome, and obesity. (AR 24.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, except she may only occasionally climb ladders, ropes, or scaffolds, and must avoid concentrated exposure to hazards and heights. (AR 27.) With that assessment, and

with the assistance of the VE, the ALJ found Plaintiff able to perform past relevant work as a salad maker, sales-service promoter, checker, and case aide. The ALJ also proceeded in the alternative to step five of the sequential evaluation, finding plaintiff able to perform jobs existing in significant numbers in the national economy consisting of laundry laborer, hand packager, and industrial cleaner (AR 32-34.) The ALJ concluded Plaintiff was not disabled at any time from January 21, 2014 through the date of decision. (AR 34.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to provide legally sufficient reasons for discounting the opinion of Plaintiff's naturopathic doctor and for discounting her testimony. Plaintiff also argues that medical evidence produced after the ALJ rendered his decision warrants remand. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Kevin Shaw, N.D.

Plaintiff argues the ALJ erred by rejecting postural and environmental limitations assessed by naturopathic doctor Kevin Shaw[2]. Plaintiff describes Mr. Shaw as her primary treatment

---

[2] The Court adopts Plaintiff's reference to Kevin Shaw, N.D. as "Mr. Shaw". (Dkt. 21 at 7, fn1.)

provider (Dkt. 21-7.) In his medical source statement, Mr. Shaw described specific limitations in plaintiff's use of her feet and hands, and postural and environmental limitations. (AR 753-754.)

In considering Mr. Shaw's opinion, the ALJ agreed plaintiff "requires postural limitations". (AR 30.) Plaintiff, however, argues the limitations imposed by the ALJ consisting of "only occasionally climb ladders, ropes, or scaffolds, and must avoid concentrated exposure to hazards and heights" (AR 27) do not address Mr. Shaw's restriction against balancing, stooping, kneeling, crouching and crawling. (AR 754.) Furthermore, Mr. Shaw imposed environmental limitations ranging from a complete prohibition on exposure to unprotected heights, various pulmonary irritants, extreme cold or heat or vibrations, as well as only occasional exposure to moving mechanical parts, operating a motor vehicle, and humidity and wetness, as well as only moderate noise. (AR 755.) The ALJ, however, neither rejected nor adopted these restrictions, stated only that "the assessed environmental limitations adequately account for possible medication side effects, such as drowsiness, as well as the claimant's migraine headaches, associated with disorientation."

The Court agrees the ALJ's explanation of the weight given the functional limitations assessed by Mr. Shaw is insufficient. "The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b)." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). *See also,* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.") The Commissioner argues any error in the ALJ's consideration of Mr. Shaw's postural and environmental restrictions would be harmless, since none of the restricted activities are required for either plaintiff's past relevant work or the jobs found appropriate at step five. In this instance, the Court finds it more appropriate for the ALJ to make that determination after re-evaluating the medical opinion evidence as described. On remand,

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

the ALJ should reconsider and provide legally sufficient reasons for the weight given the opinions of Mr. Shaw.[3]

Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ may discount Plaintiff's testimony based upon inconsistencies in her testimony or between her testimony and her activities and the medical record concerning the severity of the symptoms of which Plaintiff complains. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

The ALJ found plaintiff's testimony that she is unable to sustain work activity inconsistent with her self-reported daily activities and medical history. The ALJ pointed to her part time work as a chef at a local college, typically working up to six hours per day, and a side job doing catering on weekends. The ALJ also noted plaintiff's testimony that she drove to Portland with her husband for a vacation, together with activities of personal care, driving a car, shopping, preparing meals, performing some gardening and light chores. (AR 29.) The ALJ also seemed to find inconsistent plaintiff testimony that she suffers debilitating pain while opting to conservatively manage her symptoms with natural treatments and physical therapy, and avoiding pain medication other than CBD creams and oils. (*Id.*)

The ALJ's reconsideration of Dr. Shaw's opinions on remand may also implicate the

---

[3] Plaintiff asserts the Administrative Record contains an incomplete copy of Mr. Shaw's medical source statement. On remand, the ALJ should assure the record includes the complete report.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

assessment of plaintiff's report of subjective symptoms.  The Court finds unpersuasive the ALJ's apparent connection between the plaintiff's choice of naturopathic treatment and her reports of debilitating pain.  If the ALJ continues to find plaintiff's reported activities inconsistent with her reported symptoms, the ALJ should explain with specificity the basis for that finding.

<u>New Evidence</u>

Because remand for further proceedings is necessary, the Court need not address plaintiff's contention that a post-hearing MRI report is material evidence requiring remand.

**CONCLUSION**

For the foregoing reasons, this matter is REVERSED and this case is REMANDED for further administrative proceedings.

DATED this <u>1st</u> day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge